UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:24-cr-00001-JMS-MKK |
| | ) | |
| GLORIA CALLOWAY, | ) | -01 |
| | ) | |
| *Defendant.* | ) | |

**ORDER ON DEFENDANT'S OBJECTION TO RULE 404(b) EVIDENCE**

This matter is before the Court on Defendant Gloria Calloway's Objection to Government's Notice of Intent to Introduce Evidence Pursuant to FRE 404(b) ("the Government's Notice"). [Filing No. 153.] The Government provided notice that it intends to offer evidence that Ms. Calloway submitted three fraudulent loan applications in addition to the alleged fraudulent loan application charged in the instant offense. [Filing No. 153-1.] The parties have briefed Ms. Calloway's objection. [Filing No. 153; Filing No. 157.] For the reasons explained below, the Court **TAKES UNDER ADVISEMENT** Ms. Calloway's Objection.

**I.**
**LEGAL STANDARD**

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) allows such evidence when it is used for another purpose, such as proving notice, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). In a criminal case, the Government must provide reasonable notice in writing of any Rule 404(b)(2) evidence that it

1

intends to offer at trial, specifying the permitted purpose and supporting reasoning. Fed. R. Evid. 404(b)(3).

The Seventh Circuit set forth a rules-based approach for Rule 404(b) determinations in *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014). "[T]o overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way." *Id.* at 860. In other words, other-act evidence is admissible under Rule 404(b) only "when its admission is supported by some propensity-free chain of reasoning." *Id.* at 856. The Court's task is "not just [to] ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *Id.*

"If the proponent demonstrates that the evidence is relevant to a legitimate purpose, the district court must then use Rule 403 to determine 'whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice,' taking into account 'the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case.'" *United States v. Buncich*, 926 F.3d 361, 367 (7th Cir. 2019) (quoting *United States v. Brewer*, 915 F.3d 408, 415 (7th Cir. 2019)); *Gomez*, 763 F.3d at 856-57. "[T]he degree to which the non-propensity issue actually is contested may have a bearing on the probative value of the other-act evidence." *Id.* at 859.

## II.
### BACKGROUND

On January 9, 2024, Ms. Calloway was indicted on allegations that she committed Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1343 and § 1349, and Wire Fraud

2

in violation of 18 U.S.C. § 1343. [Filing No. 1.] The Indictment alleged that she submitted a fraudulent application for an Economic Injury Disaster Loan ("EIDL") from the Small Business Administration ("SBA") on behalf Rose Resource Development Inc., an entity owned by a co-Defendant. The grand jury subsequently returned a superseding indictment and a second superseding indictment, but the core allegations have remained the same and only charge Ms. Calloway in connection with her actions regarding Rose Resource Development Inc.'s EIDL application. [Filing No. 41; Filing No. 101.]

The charges proceeding to trial are two counts of Wire Fraud in violation of 18 U.S.C. § 1343, and one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 and § 1344(2). [Filing No. 101 (second superseding indictment).] These charges are specific intent crimes as they require proof of intent to defraud or proof of an agreement to commit an offense that carries an intent to defraud. 18 U.S.C. § 1343; 18 U.S.C. § 1349; 18 U.S.C. § 1344(2); *United States v. Lundberg*, 990 F.3d 1087, 1095 (7th Cir. 2021) (specific intent to defraud is an element of proving wire fraud); *United States v. Ryan*, 213 F.3d 347, 350 (7th Cir. 2000) (specific intent to defraud is an element of proving bank fraud).

On June 24, 2025, the Government provided Ms. Calloway its written notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b). [Filing No. 153-1.] The Government's Notice provided:

> The United States hereby provides notice of its intent to introduce at trial evidence pursuant to Federal Rule of Evidence 404(b). Specifically, the government intends to introduce evidence that the defendant Gloria Calloway submitted other fraudulent EIDL applications for businesses in addition to Rose Resource Development Inc. This includes, but is not limited to, applications for the following businesses: Alpha Fire, LLC; Coop Buys Homes; and Fairways Condominiums.
>
> The government anticipates offering into evidence the testimony of several witnesses, namely representatives from these businesses. The government further anticipates offering into evidence several exhibits, including but not limited to

3

EIDL applications, email communications, and the businesses' financial records, all of which were previously disclosed on December 9, 2024.

The government intends to offer this evidence for the following permitted purposes: proving opportunity, knowledge and intent, absence of mistake, and lack of accident. This evidence is relevant to proving the defendant's knowledge and intent to defraud, as it shows the defendant did not make a mistake or accident in falsifying Rose Resource Development Inc.'s EIDL application. Instead, she did so for the fraudulent purpose of securing EIDL funds to which she knew the business was not entitled. It further shows the defendant knew she had an opportunity to commit fraud because she was able to submit fraudulent EIDL applications on multiple occasions.

[Filing No. 153-1.] This matter is set for a three-day jury trial beginning September 9, 2025. [Filing No. 156.]

### III.
### DISCUSSION

Ms. Calloway objects to the Government's proffered evidence under Rule 404(b), arguing that it amounts to an improper propensity argument. [Filing No. 153 at 4.] She asserts that the Government's Notice is inadequate because it lacks specific details showing how the three uncharged loans are relevant to her mental state regarding the charged loan, and that under *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014), it is insufficient for the Government to simply cite a permissible purpose from Rule 404(b) without demonstrating a concrete connection between the other acts and the charged conduct. [Filing No. 153 at 3-4.] She contends further that even if the evidence is relevant without relying on a propensity inference, its minimal probative value is substantially outweighed by the danger that the jury would draw the inference that "once a fraudster, always a fraudster," or "would be unfairly swayed by the unfair impression that the Government is somewhat being fair towards [her] because it charged one fraudulent loan instead of four." [Filing No. 154 at 4-5.] Lastly, she argues that the case "should not change at the eleventh hour on the eve of a trial" and that "[i]f the Government's case suddenly grows from the charged

4

loan to encompass three additional uncharged loans, the case could easily take a week or more." [Filing No. 153 at 3.]

The Government argues that the proffered evidence of Ms. Calloway's "other fraudulent EIDL applications pertains to her intent" regarding the Rose Resource Development, Inc. application, which is a necessary element of the charged offenses (specific intent crimes) and is relevant. [Filing No. 157 at 4-5.] It asserts that the evidence is not being offered to show a general propensity to commit fraud or to portray Ms. Calloway as having a fraudulent character. [Filing No. 157 at 5.] Instead, it contends "[t]he evidence is very tailored and specific – inflation of gross revenues in multiple EIDL applications to the SBA." [Filing No. 157 at 5.] It asserts that Ms. Calloway must dispute or defend that she had any intent to defraud the SBA in the loan at issue, and that "proof that she committed virtually identical acts on other EIDL applications at around the same time directly negates that defense" and shows that she was not mistaken in this one instance and instead acted knowingly and with intent. [Filing No. 157 at 5.] It further asserts that the probative value of the evidence outweighs any risk of unfair prejudice, as it goes directly to a critical element of the offense and rebuts a key defense. [Filing No. 157 at 5-6.] The Government also argues that it met Rule 404(b)'s notice requirements, stating that it provided sufficient detail and highlighting that Ms. Calloway has long been aware of this evidence. [Filing No. 157 at 7-8.] It contends that even with the introduction of this evidence, it is confident that the trial will fall within the current allotted schedule. [Filing No. 157 at 7-8.]

The Court addresses each argument separately.

A. **Adequacy of the Government's Notice**

Ms. Calloway's objection to the adequacy and timing of the Government's Notice is unfounded. Far from providing no details as Ms. Calloway asserts, the Government described the

5

specific loans which it intends to introduce ("Alpha Fire, LLC; Coop Buys Homes; and Fairways Condominiums"), the types of witnesses it intends call ("representatives from these businesses"), and the kinds of exhibits it proposes introducing ("EIDL applications, email communications, and the businesses' financial records"). [Filing No. 153-1.] The Government also explained that it intends to offer this evidence "as it shows [that Ms. Calloway] did not make a mistake or accident in falsifying Rose Resource Development Inc.'s EIDL application," and instead acted knowingly and with intent. [Filing No. 153-1.] This is sufficient articulation of the permitted purpose and supporting reason required under Rule 404(b)(3)(B).

As to timing, Ms. Calloway's characterization of the case changing at the eleventh hour is unpersuasive. The Government submitted its Notice on June 24, 2025 and had previously disclosed all of this evidence by December 9, 2024, leaving Ms. Calloway on notice that these materials existed with ample time to review them. [Filing No. 153-1; *see* Filing No. 90 at 2.] This qualifies as "reasonable notice" under Rule 404(b)(3)(A). Lastly. if the three days allocated for trial prove insufficient as Ms. Calloway contends, the Court will provide additional time as necessary. But the potential need for extra days does not constitute a valid basis for sustaining an evidentiary objection.

In sum, the Government's Notice meets the notice requirements of Rule 404(b).

    **B.**    **Non-propensity Relevance**

At this stage of the proceedings, it remains unclear to what extent Ms. Calloway will contest the element of intent at trial. The Court therefore disagrees with the Government's assertion that the proffered other-act evidence is relevant and admissible solely because specific intent is an element the Government must prove. Although "intent is automatically at issue" in specific intent crimes, this does not mean that other-act evidence offered to prove intent is automatically

6

admissible. *Gomez*, 763 F.3d at 858. Such evidence must still satisfy the rules-based analysis articulated in *Gomez*. *Id.* ("We explained that although '[i]ntent can be "automatically at issue" because it is an element of a specific intent crime,' other-act evidence offered to prove intent 'can still be completely irrelevant to that issue, or relevant only in an impermissible way.'") (quoting *Miller*, 673 F.3d at 697-98); *United States v. Lee,* 724 F.3d 968, 976 (7th Cir. 2013) ("Simply because a subject like intent is formally at issue when the defendant has claimed innocence and the government is obliged to prove his intent as an element of his guilt does not automatically open the door to proof of the defendant's other wrongful acts for purposes of establishing his intent. . . . [I]ntent becomes more relevant, and evidence tending to prove intent becomes more probative, when the defense actually works to deny intent, joining the issue by contesting it.") (quotations and citations omitted); *United States v. Bonin*, 932 F.3d 523, 541 (7th Cir. 2019) (same).

Here, the Government seeks to introduce evidence during its affirmative case-in-chief that Ms. Calloway inflated gross revenues on multiple prior EIDL applications, in order to argue that she likewise submitted inflated gross revenue figures with respect to the EIDL application for Rose Resource Development Inc. with intent to defraud the SBA. However, unless Ms. Calloway affirmatively disputes her intent or mental state, the only relevance of such prior acts would be to suggest that Ms. Calloway has a propensity to submit inflated figures, and that she did so again here. But should Ms. Calloway place her intent and mental state at issue, including by asserting a defense of mistake or accident—whether through her opening statement, any direct examination or cross examination, or closing argument—then the Government has laid the foundation for the introduction of the other-act evidence on a relevant, non-propensity basis under Rule 404(b). *Id. at 541-42* (affirming the admission of other-act evidence to prove intent after the defendant contested the issue of intent, making the evidence highly relevant to rebut defendant's assertion);

7

*Gomez,* 763 F.3d at 855-56.  But unless and until that happens, the evidence is not admissible simply because specific intent is an element of the charged offense.

The inquiry does not end here, however.  Assuming that intent is placed at issue by Ms. Calloway such that the proffered evidence becomes admissible on a relevant, non-propensity basis under Rule 404(b), the Court proceeds to evaluate whether the evidence would nonetheless be excluded under Rule 403.  *Gomez,* 763 F.3d at 856-57.

### C. Rule 403 Balancing

"[E]ven if other-act evidence is relevant without relying on a propensity inference, it may be excluded under Rule 403," if the probative value of the evidence is substantially outweighed by the risk of unfair prejudice (*i.e.*, a propensity inference).  *Gomez,* 763 F.3d at 856-57 (quoting *Miller,* 673 F.3d at 696); Fed. R. Evid. 403.  "Other-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the jury will draw the forbidden propensity inference." *Gomez,* 763 F.3d at 857 (citation and footnote omitted).  "[B]ut the critical issue is whether that risk is sufficiently outweighed by other factors."  *United States v. Chapman,* 692 F.3d 822, 827 (7th Cir. 2012); *Gomez,* 763 F.3d at 857.  Moreover, "'intent becomes more relevant, and evidence tending to prove intent becomes more probative, when the defense actually works to deny intent, joining the issue by contesting it.'"  *Bonin,* 932 F.3d at 541 (quoting *Miller,* 673 F.3d at 697).

Here, if Ms. Calloway contests her state of mind as described above, the proffered evidence would be highly probative of her contrary intent.  Specifically, if Ms. Calloway contends that the numbers on Rose Resource Development Inc.'s EIDL application were the result of any mistake or accident, then the Government's evidence that she submitted multiple prior EIDL applications with inflated gross revenue figures would become highly probative and would support the

8

inference that Ms. Calloway knowingly and intentionally inflated revenue figures in the current application, as opposed to doing so inadvertently. At the same time, the Court recognizes the risk that a jury might misuse this evidence to infer criminal propensity as Ms. Calloway asserts. *See Chapman*, 692 F.3d at 827 ("The admission of [other-act] evidence always carries with it some risk of unfair prejudice to the defendant . . . .").

However, that risk would not substantially outweigh the probative value of the evidence, particularly if Ms. Calloway places her intent at issue. *Bonin*, 932 F.3d at 541; *Miller*, 673 F.3d at 697. The evidence would be directly relevant to negating a defense of mistake or accident and therefore highly probative of her mental state. Furthermore, the Court notes that Ms. Calloway would be free to tender a proposed limiting instruction should she choose. The Seventh Circuit has recognized that "[a]ppropriate jury instructions may help to reduce the risk of unfair prejudice inherent in other-act evidence." *Gomez*, 763 F.3d at 860-61 (explaining that limiting instructions can be a factor in weighing the danger of unfair prejudice because "[l]ay people are capable of understanding the foundational principle in our system of justice that 'we try cases, rather than persons.'") (quoting *People v. Allen,* 420 N.W.2d 499, 504 (Mich. 1988)).

In sum, if the proffered evidence comes in at trial because Ms. Calloway opens the door to her intent, the evidence would be admissible under Rule 403, and Ms. Calloway could tender a proposed limiting instruction.

## IV.
### CONCLUSION

If at trial Ms. Calloway places her intent at issue, including by asserting a defense of mistake or accident—whether through her opening statement, any direct examination or cross examination, or closing argument—then the Government has laid the foundation to introduce evidence that she submitted multiple prior EIDL applications with inflated gross revenue figures

9

to negate her assertions. But unless and until that time comes, that evidence is inadmissible. Accordingly, the Court **TAKES UNDER ADVISEMENT** Ms. Calloway's objection to the Government's proffered Rule 404(b) evidence, [153], subject to the issues to be contested at trial.

Date: 7/29/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**